AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of ) | |
| ) | **FILED** |
| INFORMATION ASSOCIATED WITH ) | Jul 07, 2022 |
| DANIELNOBLE24@HOTMAIL.COM, ) | CLERK, U.S. DISTRICT COURT |
| THAT IS STORED AT PREMISES ) | EASTERN DISTRICT OF CALIFORNIA |
| CONTROLLED BY APPLE INC. ) | |

Case No.  2:22-sw-00462 DB

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

## SEE ATTACHMENT A, attached hereto and incorporated by reference.

located in the _____Northern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

## SEE ATTACHMENT B, attached hereto and incorporated by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252(a)(2) & (a)(4)(B) | Distribution, Receipt & Possession of Child Pornography |

The application is based on these facts:

## SEE AFFIDAVIT, attached hereto and incorporated by reference.

- ☒ Continued on the attached sheet.
- ☐ Delayed notice ___30___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Scott Schofield
*Applicant's signature*

SA Scott Schofield, FBI
*Printed name and title*

Sworn to before me telephonically under Rule 4.1

Date: ___July 7, 2022___

City and state: ___Sacramento, California___

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
DANIELNOBLE24@HOTMAIL.COM,
THAT IS STORED AT PREMISES
CONTROLLED BY APPLE INC.

Case No.   2:22-sw-00462 DB

**Filed Under Seal**

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Scott A. H. Schofield, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.       I make this affidavit in support of an application for a search warrant for

information associated with a certain account(s) that are stored at premises owned, maintained,

controlled, or operated by Apple Inc. ("Apple"), an electronic communications service and/or

remote computing service provider headquartered at One Apple Park Way, Cupertino,

California.  The information to be searched is described in the following paragraphs and in

Attachment A.  This affidavit is made in support of an application for a search warrant under 18

U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Apple to disclose to the

government copies of the information (including the content of communications) further

described in Section I of Attachment B.  Upon receipt of the information described in Section I

of Attachment B, government-authorized persons will review that information to locate the items

described in Section II of Attachment B.

2.       I am a Special Agent with the Federal Bureau of Investigation, and have been

since 2004.  I am currently assigned to the Violent Crimes Against Children Squad in the

Sacramento Division.  While employed by the FBI, I have investigated federal criminal

violations related to high technology or cybercrime, child exploitation, and child pornography.  I have received training in the area of identifying and investigating child pornography and child exploitation crimes, and as part of my duties have observed and reviewed countless examples of child pornography in all forms of media, including computer media.  I have served temporary duty assignments in both the Philippines and Cambodia during which I assisted in numerous investigations of American citizens who traveled to these countries for the purpose of having sex with minors.  In the course of my employment, I have participated in many search warrants in connection with child exploitation matters and other violations involving both physical locations like businesses and residences and online accounts.  Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, 2423(b), (c), (f) and 2422(b), and I am authorized by the Attorney General to request a search warrant.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant, and therefore, does not set forth all of my knowledge about this matter.

4.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 2252(a)(2), which prohibits the receipt and distribution of child pornography, and Section 2252(a)(4)(B), which prohibits the possession of child pornography, have been committed by Daniel Noble using the Apple account danielnoble24@hotmail.com, hereinafter referred to as the SUBJECT ACCOUNT.  There is also probable cause to search the information described in

2

Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  *See* 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offenses being investigated." 18 U.S.C. § 2711(3)(A)(i).

6.      Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## STATUTORY AUTHORITY

7.      This investigation concerns alleged violations of the following:

    a.   Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) prohibit any person from knowingly possessing or accessing with the intent to view, or attempting or conspiring to possess or access with the intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

    b.   Title 18, United States Code, Sections 2252(a)(2) and (b)(1) prohibit any person from knowingly receiving or distributing, or attempting or conspiring to receive

or distribute, any visual depiction using any means or facility of interstate or

foreign commerce, or that has been mailed or shipped or transported in or

affecting interstate or foreign commerce, or which contains materials which have

been mailed or so shipped or transported, by any means including by computer, or

knowingly reproducing any visual depiction for distribution using any means or

facility of interstate or foreign commerce, or in or affecting interstate or foreign

commerce or through the mails, if the production of such visual depiction

involved the use of a minor engaging in sexually explicit conduct and such visual

depiction is of such conduct.

## **PROBABLE CAUSE**

### *Undercover Kik Chats*

8.      In addition to my own investigative work, I am aware of the following facts from

reviewing FBI reports authored by another FBI agent working in an undercover capacity in

Florida, and from having personally viewed the video recording the undercover employee

(UC#1) made documenting Kik Messenger[1] Group Chats and images and videos of child

pornography that UC#1 downloaded as part of the investigation.  I have also reviewed reports

generated by UC#1 and investigative work done by UC#1 and other FBI employees supporting

the undercover investigation.

---

[1] Kik Messenger is an application (app) used to send and receive text messages. A user can send and receive media
as well, including both image and video files.  In addition, users can search for groups of users and join these
groups.  In some cases, the group organizer must invite a user to a group, while in other cases any user can join these
groups freely.

9.      UC#1, working in an undercover capacity, observed Kik user "numerounoginger" in a Kik chat group whose name referred to videos involving young children, referred to as "Y-d" in this publicly-filed affidavit, on multiple occasions.  UC#1 was invited into the Y-d group on or about March 10, 2022 by the group's administrator.  UC#1 was removed from the group on or about April 7, 2022.  During the time in this Y-d group, UC#1 observed multiple users posting materials that constitute child pornography photos and videos, or photos and videos depicting young-looking (but pubescent) people engaging in sexually explicit conduct (as defined in Title 18, United States Code § 2256).  UC#1 also observed users commenting/responding to the posted videos and images through text responses.  UC#1 indicated that the administrator of Y-d has now been arrested.

10.     A review of UC#1's video recording revealed a message on March 10, 2022 at approximately 12:30 p.m. Eastern Time, reading "The Ginger has entered the chat, invited by [third party]."  Several files were shared in the chat room, the thumbnails of which depict child pornography, during the ensuing hours, but none were shared by the "numerounoginger" / The Ginger account on March 10.  At approximately 10:30 p.m. Eastern Time, a message indicating The Ginger had left the chat room appeared.

11.     An Administrative Subpoena was served on MediaLab, the parent company of Kik, seeking subscriber information and Internet Protocol Address (IP Address) information for the numerounoginger account.  Kik responded with this data on or about March 25, 2022.  The closest Kik login to the activity described above was on March 10, 2022 at approximately 11:29 a.m. Eastern Time from IP Address 174.194.195.26.  This IP address resolved to a Verizon Wireless account in the name of a relative of Daniel Noble.

12.    The next activity in the chat group by The Ginger was on March 21, 2022 when The Ginger entered the chat once again.  On March 22, 2022, a user posted two videos.  Both of the thumbnails of these videos depict what appear to be pre-pubescent girls holding an erect adult penis. In the second thumbnail, the penis is in the girl's mouth.  One user stated, "Second vid[eo] is amazing" to which The Ginger replied, "facts."

13.    On March 23, 2022, at approximately 5:30 p.m. Eastern Time, The Ginger began posting videos to the group chat. These included the following:

a.    A color video depicting two minor girls. One girl has some breast development while the other is clearly pre-pubescent based upon a lack of pubic hair, no breast development, and her relative size compared to the older girl, who is on her knees.  The two girls begin kissing and sticking their tongues in each other's mouths. At one point, the younger girl begins squeezing and pinching the older girl's breast. Near the end of the video, while still kissing each other, the older girl turns the younger girl so her buttocks face the camera.  The older girl squeezes the younger girl's buttocks and appears to place her fingers between the younger girl's legs near her genital area.

b.    A color video depicting a pre-pubescent girl, based upon a lack of any pubic hair, licking and sucking on a penis shaped object. She later pulls her pants down and rubs the object on her vagina and attempts to insert it into her vagina, which can be clearly seen in the video.

c.    Two other color videos that are pornographic, and appear to depict pubescent minor girls, though their age is difficult to determine.

6

14.     According to the above-mentioned Kik IP address data, the closest Kik login to the activity described above was on March 23, 2022 at approximately 5:19 p.m. Eastern Time from IP Address 73.41.22.141.  This IP address resolved to Comcast.  Further investigation revealed this IP address was assigned to the Comcast internet connection at the residence of Daniel Noble in Davis, California.

15.     The Ginger continued to interact in the Kik group, including uploading the following files of child pornography to the Kik chat group:

a.  April 8, 2022: A color video with sound, approximately two minutes in length of a fully nude prepubescent female child, based on the child's complete absence of pubic hair and lack of breast development, on a bed with her legs spread, fully exposing her vagina, making it the focal point of the video.  The child is wearing a "Mardi Gras" style mask on her face. An adult male is repeatedly inserting a cylindrical object into the child's anus for over one minute. Approximately 75 seconds into the video, the child displays her anus and vagina as the camera zooms in. Approximately 97 seconds into the video, the adult male straddles the child and ejaculates into her mouth.

b.  April 12, 2022: A color video with sound, approximately one minute, 31 seconds in length, depicting a fully nude prepubescent female child, based on the child's complete absence of pubic hair and child-sized body, lying on a bed while a fully nude adult male wearing a clown mask holds the child's legs up, fully exposing the child's vagina, making it the focal point of the video.  Throughout the duration of the video, the adult male is continually inserting a cylindrical object into the

7

child's anus. Towards the end of the video, the adult male moves the camera close to the child's anus and vagina.

    c.   April 12, 2022: A color video with sound, approximately 45 seconds in length, of four fully nude prepubescent children (one male and three females), based on the overall size of each child, engaged in sexually explicit conduct. One of the female children is continually inserting the male child's penis into her mouth while another female straddles a third female child, rubbing her vagina on her. Approximately 19 seconds into the video, one of the female children can no longer be seen in the video. One of the fully nude female children then inserts the male child's penis into her vagina.

16.    The above-mentioned Kik IP address data was produced on March 25, 2022 and provided to the FBI on March 28, 2022. Thus no IP address data was received regarding the above activity in April 2022.  However, the files above were posted to the Kik group from the same "The Ginger" account as the previous activity.

17.    I have investigated cases involving child exploitation and child sexual abuse material (CSAM) for over 11 years.  In that time, I have observed thousands of files of CSAM. I believe, based on that experience, that the file described above involving the pre-pubescent girl wearing a "mardi gras" style mask to be part of a known series of CSAM that was produced outside the state of California.  I have seen other files depicting this victim and abuser that belong to this known series as part of other investigations.

***Residential Search Warrant and Noble Mirandized Statement***

18.     Through a series of subpoenas, the user of the numerounoginger account was determined to be Daniel Noble, a man residing in Davis, California and employed as an Assistant Water Polo coach by the University of California, Davis.  Noble coached at the college and youth levels.  A search warrant was executed at Noble's residence in May 2022 and, in conjunction with this warrant service, Noble provided a Mirandized, voluntary statement, which is summarized below, in part:

    a.  Noble admitted to being the sole user of the Kik account "numerounoginger"

    b.  Noble admitted he owned an iPhone 11 Pro Max, the service for which was provided by Verizon and paid for by his relative, S.N.  Noble provided the passcode for this device.

    c.  Noble was shown a portion of chat messages from The Ginger account. These messages depicted thumbnails of videos of CSAM shared by the account. Noble recalled many of these videos and recognized the chats shown in the screenshots.

    d.  Noble admitted he was a youth and college water polo assistant coach employed by the University of California, Davis, but denied having ever produced any CSAM or touching any minor in a sexual manner.

    e.  Noble admitted he had the Kik Messenger application on his phone until the night prior to the search warrant, when he had deleted the app.

    f.  Noble admitted his numerounoginger Kik account had been banned a few weeks prior.  He was not told why, but assumed it was because he had shared files of CSAM. Noble opened a new Kik account with username "thefriendlyginger" and display name "The Friendly Ginger."  He believed he used the email address danielnoble24@hotmail.com to register the account.

9

    g.   Noble stated he did not utilize the new Kik account to send files of CSAM, as he had with the "numerounoginger" account.  He said he established the new account to have a new start and joined old "hangout groups" he had been a part of.  He also said he joined one group wherein users traded files of adult pornography.  Noble admitted there could be files of CSAM in the SUBJECT ACCOUNT if a user had sent them to him.  However, Noble was "over that" now.

**_Partial Review of Noble's Cellular Phone_**

19.    As of this writing, investigators have not completed a review of Noble's Apple iPhone 11 cellular phone.  However, they have confirmed that the Kik app was installed and uninstalled on the phone multiple times.  They have also confirmed that the Kik account numerounoginger was logged in to from the device.  Further, I have confirmed that the Apple ID used to set up the phone was danielnoble24@hotmail.com, the SUBJECT ACCOUNT.

20.    An entry in the email portion of the cell phone revealed Noble received an email from no-reply@kik.com to the danielnoble24@hotmail.com email account instructing "thefriendlyginger" to change the password on his Kik account.  The email was dated May 18, 2022, the day prior to the search warrant, and more than two weeks after the "numerounoginger" account had been shut down by Kik.

21.    No Kik chat messages have been found on the device, to date. A search warrant served on Kik confirmed that the numerounoginger account was banned and shut down by Kik on or about May 3, 2022, consistent with Noble's statement.  One purpose of this warrant is to seek online backups of the contents of Noble's phone that may have some or all of the Kik Messenger data intact.

22.     Daniel Noble was arrested at the conclusion of this statement.  He was released on bond thereafter.  However, prior to his release, FBI agents served a preservation request on Apple, Inc. requesting the preservation of the contents of the SUBJECT ACCOUNT.

## BACKGROUND CONCERNING APPLE[2]

23.     Apple is a United States company that produces (or has produced, in the case of iPods) the iPhone, iPad, and iPod Touch, all of which use the iOS operating system, and desktop and laptop computers based on the Mac OS operating system.

24.     Apple provides a variety of services that can be accessed from Apple devices or, in some cases, other devices via web browsers or mobile and desktop applications ("apps").  As described in further detail below, the services include email, instant messaging, and file storage:

a.     Apple provides email service to its users through email addresses at the domain names mac.com, me.com, and icloud.com.

b.     iMessage and FaceTime allow users of Apple devices to communicate in real-time.  iMessage enables users of Apple devices to exchange instant messages ("iMessages") containing text, photos, videos, locations, and contacts, while FaceTime enables those users to conduct audio and video calls.

c.     iCloud is a cloud storage and cloud computing service from Apple that allows its users to interact with Apple's servers to utilize iCloud-connected services to create,

---

[2]     The information in this section is my understanding, based on information published by Apple on its website, including, but not limited to, the following document and webpages: "U.S. Law Enforcement Legal Process Guidelines," available at https://www.apple.com/legal/privacy/law-enforcement-guidelines-us.pdf; "Create and start using an Apple ID," available at https://support.apple.com/en-us/HT203993; "iCloud," available at http://www.apple.com/icloud/; "What does iCloud back up?," available at https://support.apple.com/kb/PH12519; "iOS Security," available at https://www.apple.com/business/docs/iOS_Security_Guide.pdf, and "iCloud: How Can I Use iCloud?," available at https://support.apple.com/kb/PH26502.

store, access, share, and synchronize data on Apple devices or via icloud.com on any Internet-connected device.  For example, iCloud Mail enables a user to access Apple-provided email accounts on multiple Apple devices and on iCloud.com.  iCloud Photo Library and My Photo Stream can be used to store and manage images and videos taken from Apple devices, and iCloud Photo Sharing allows the user to share those images and videos with other Apple subscribers.  iCloud Drive can be used to store presentations, spreadsheets, and other documents.  iCloud Tabs and bookmarks enable iCloud to be used to synchronize bookmarks and webpages opened in the Safari web browsers on all of the user's Apple devices.  iCloud Backup allows users to create a backup of their device data.  iWork Apps, a suite of productivity apps (Pages, Numbers, Keynote, and Notes), enables iCloud to be used to create, store, and share documents, spreadsheets, and presentations.  iCloud Keychain enables a user to keep website username and passwords, credit card information, and Wi-Fi network information synchronized across multiple Apple devices.

> d.      Game Center, Apple's social gaming network, allows users of Apple devices to play and share games with each other.

> e.      Find My iPhone allows owners of Apple devices to remotely identify and track the location of, display a message on, and wipe the contents of those devices.  Find My Friends allows owners of Apple devices to share locations.

> f.      Location Services allows apps and websites to use information from cellular, Wi-Fi, Global Positioning System ("GPS") networks, and Bluetooth, to determine a user's approximate location.

> g.      App Store and iTunes Store are used to purchase and download digital content.  iOS apps can be purchased and downloaded through App Store on iOS devices, or

12

through iTunes Store on desktop and laptop computers running either Microsoft Windows or Mac OS.  Additional digital content, including music, movies, and television shows, can be purchased through iTunes Store on iOS devices and on desktop and laptop computers running either Microsoft Windows or Mac OS.

25.     Apple services are accessed through the use of an "Apple ID," an account created during the setup of an Apple device or through the iTunes or iCloud services.  The account identifier for an Apple ID is an email address, provided by the user.  Users can submit an Apple-provided email address (often ending in @icloud.com, @me.com, or @mac.com) or an email address associated with a third-party email provider (such as Gmail, Yahoo, or Hotmail).  The Apple ID can be used to access most Apple services (including iCloud, iMessage, and FaceTime) only after the user accesses and responds to a "verification email" sent by Apple to that "primary" email address.  Additional email addresses ("alternate," "rescue," and "notification" email addresses) can also be associated with an Apple ID by the user.  A single Apple ID can be linked to multiple Apple services and devices, serving as a central authentication and syncing mechanism.

26.     Apple captures information associated with the creation and use of an Apple ID. During the creation of an Apple ID, the user must provide basic personal information including the user's full name, physical address, and telephone numbers.  The user may also provide means of payment for products offered by Apple.  The subscriber information and password associated with an Apple ID can be changed by the user through the "My Apple ID" and "iForgot" pages on Apple's website.  In addition, Apple captures the date on which the account was created, the length of service, records of log-in times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to

13

and utilize the account, the Internet Protocol address ("IP address") used to register and access the account, and other log files that reflect usage of the account.

27.     Additional information is captured by Apple in connection with the use of an Apple ID to access certain services.  For example, Apple maintains connection logs with IP addresses that reflect a user's sign-on activity for Apple services such as iTunes Store and App Store, iCloud, Game Center, and the My Apple ID and iForgot pages on Apple's website.  Apple also maintains records reflecting a user's app purchases from App Store and iTunes Store, "call invitation logs" for FaceTime calls, "query logs" for iMessage, and "mail logs" for activity over an Apple-provided email account.  Records relating to the use of the Find My iPhone service, including connection logs and requests to remotely lock or erase a device, are also maintained by Apple.

28.     Apple also maintains information about the devices associated with an Apple ID. When a user activates or upgrades an iOS device, Apple captures and retains the user's IP address and identifiers such as the Integrated Circuit Card ID number ("ICCID"), which is the serial number of the device's SIM card.  Similarly, the telephone number of a user's iPhone is linked to an Apple ID when the user signs into FaceTime or iMessage.  Apple also may maintain records of other device identifiers, including the Media Access Control address ("MAC address"), the unique device identifier ("UDID"), and the serial number.  In addition, information about a user's computer is captured when iTunes is used on that computer to play content associated with an Apple ID, and information about a user's web browser may be captured when used to access services through icloud.com and apple.com.  Apple also retains records related to communications between users and Apple customer service, including

communications regarding a particular Apple device or service, and the repair history for a device.

29.     Apple provides users with five gigabytes of free electronic space on iCloud, and users can purchase additional storage space.  That storage space, located on servers controlled by Apple, may contain data associated with the use of iCloud-connected services, including: email (iCloud Mail); images and videos (iCloud Photo Library, My Photo Stream, and iCloud Photo Sharing); documents, spreadsheets, presentations, and other files (iWork and iCloud Drive); and web browser settings and Wi-Fi network information (iCloud Tabs and iCloud Keychain). iCloud can also be used to store iOS device backups, which can contain a user's photos and videos, iMessages, Short Message Service ("SMS") and Multimedia Messaging Service ("MMS") messages, voicemail messages, call history, contacts, calendar events, reminders, notes, app data and settings, Apple Watch backups, and other data.  Records and data associated with third-party apps may also be stored on iCloud; for example, the iOS app for WhatsApp, an instant messaging service, can be configured to regularly back up a user's instant messages on iCloud Drive.  Some of this data is stored on Apple's servers in an encrypted form but can nonetheless be decrypted by Apple.

30.     In my training and experience, evidence of who was using an Apple ID and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above.  This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

31.     In addition, the stored communications and files connected to an Apple ID may provide direct evidence of the offenses under investigation.  Based on my training and experience, instant messages, emails, voicemails, photos, videos, and documents are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation.

32.     The user's account activity, logs, stored electronic communications, and other data retained by Apple can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the account at a relevant time.  As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account.  Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

33.     Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation.  For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

34.     Other information connected to an Apple ID may lead to the discovery of additional evidence.  For example, the identification of apps downloaded from App Store and

16

iTunes Store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators.  In addition, emails, instant messages, Internet activity, documents, and contact and calendar information can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

35.     Therefore, Apple's servers are likely to contain stored electronic communications and information concerning Daniel Noble and his use of Apple's services.  In my training and experience, such information may constitute evidence of the crimes under investigation including information that can confirm Noble as the sole user of the account.

## **CONCLUSION**

36.     Based on the forgoing, I request that the Court issue the proposed search warrant.

37.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  The government will execute this warrant

///

///

///

///

///

///

///

by serving the warrant on Apple.  Because the warrant will be served on Apple, who will then

compile the requested records at a time convenient to it, reasonable cause exists to permit the

execution of the requested warrant at any time in the day or night.

Respectfully submitted,

 /s/ Scott Schofield
Scott A. H. Schofield
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to telephonically on _____ July 7 _____, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

Approved as to form by:

 /s/ Christina McCall
CHRISTINA McCALL
Assistant United States Attorney

18

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with danielnoble24@hotmail.com that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, Cupertino, California.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Apple Inc. ("Apple")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Apple, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on May 19, 2022, Apple is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b.      All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers

("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

      c.      The contents of all emails associated with the account from November 14, 2021 through the PRESENT, including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

      d.      The contents of all instant messages associated with the account from November 14, 2021 through the PRESENT, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

      e.      The contents of all files and other records stored on iCloud, **including all iOS device backups**, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

      f.      All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging

2

and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My iPhone and Find My Friends logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

g.      All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

h.      All records pertaining to the types of service used;

i.      All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

j.      All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

k.      Any CyberTips filed by Apple with the National Center for Missing and Exploited Children regarding the SUBJECT ACCOUNT and/or Daniel Noble's numerounoginger or thefriendlyginger Kik accounts.


Apple is hereby ordered to disclose the above information to the government within **10 days** of issuance of this warrant.

3

## II.      Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of Possession, Receipt, and/or Distribution of Child Pornography, in violation of Title 18, United States Code §§ 2252(a)(2) and (a)(4)(b), those violations involving Daniel Noble and occurring on or after November 14, 2021, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Any and all communications with other individuals (directly or in groups) regarding the user's sexual interest in children, including any files depicting child pornography possessed, distributed, received, or produced;

(b) Evidence of the Kik app being downloaded and/or installed or uninstalled from Noble's device.

(c) Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(d) Evidence indicating the account owner's state of mind as it relates to the crime under investigation;

(e) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(f) The identity of the person(s) who communicated with the user about matters relating to child pornography or child sexual abuse, including records that help reveal their whereabouts.

4

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data (with any contraband redacted) to the custody and control of attorneys for the government and their support staff for their independent review.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Apple Inc. ("Apple"), and my title is

_____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Apple. The attached records consist of _____. I further state that:

a.       all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Apple, and they were made by Apple as a regular practice; and

b.       such records were generated by Apple's electronic process or system that produces an accurate result, to wit:

1.       the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Apple in a manner to ensure that they are true duplicates of the original records; and

2.       the process or system is regularly verified by Apple, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____
Date                                     Signature

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH<br>DANIELNOBLE24@HOTMAIL.COM, THAT IS<br>STORED AT PREMISES CONTROLLED BY<br>APPLE INC. | )<br>)<br>)<br>)<br>)<br>)    Case No.   **2:22-sw-00462 DB** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

      An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the        Northern       District of         California        
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

      I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

      **YOU ARE COMMANDED** to execute this warrant on or before       July 21, 2022       *(not to exceed 14 days)*
  ☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

      Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

      The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

  ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for   30   days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of           .

Date and time issued:     July 7, 2022 at 11:10 a.m.

City and state:      Sacramento, California                 DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means  (Page 2) (modified)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____     _____
            Signature of Judge                                           Date

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with danielnoble24@hotmail.com that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, Cupertino, California.

## ATTACHMENT B

### Particular Things to be Seized

I.      **Information to be disclosed by Apple Inc. ("Apple")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Apple, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on May 19, 2022, Apple is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b.      All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers

("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

      c.     The contents of all emails associated with the account from November 14, 2021 through the PRESENT, including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

      d.     The contents of all instant messages associated with the account from November 14, 2021 through the PRESENT, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

      e.     The contents of all files and other records stored on iCloud, **including all iOS device backups**, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

      f.     All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging

2

and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My iPhone and Find My Friends logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

g.      All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

h.      All records pertaining to the types of service used;

i.      All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

j.      All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

k.      Any CyberTips filed by Apple with the National Center for Missing and Exploited Children regarding the SUBJECT ACCOUNT and/or Daniel Noble's numerounoginger or thefriendlyginger Kik accounts.


Apple is hereby ordered to disclose the above information to the government within **10 days** of issuance of this warrant.

3

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of Possession, Receipt, and/or Distribution of Child Pornography, in violation of Title 18, United States Code §§ 2252(a)(2) and (a)(4)(b), those violations involving Daniel Noble and occurring on or after November 14, 2021, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a)  Any and all communications with other individuals (directly or in groups) regarding the user's sexual interest in children, including any files depicting child pornography possessed, distributed, received, or produced;

(b)  Evidence of the Kik app being downloaded and/or installed or uninstalled from Noble's device.

(c)  Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(d)  Evidence indicating the account owner's state of mind as it relates to the crime under investigation;

(e)  The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(f)  The identity of the person(s) who communicated with the user about matters relating to child pornography or child sexual abuse, including records that help reveal their whereabouts.

4

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data (with any contraband redacted) to the custody and control of attorneys for the government and their support staff for their independent review.

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC</u> <u>RECORDS PURSUANT TO FEDERAL RULES OF</u> <u>EVIDENCE 902(11) AND 902(13)</u>

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by Apple Inc. ("Apple"), and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of Apple.  The attached records consist of _____. I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Apple, and they were made by Apple as a regular practice; and

b.      such records were generated by Apple's electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Apple in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by Apple, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____
Date                                     Signature